ADAMS EXPRESS CO. *v.* CITY OF LOUISVILLE.

**Licenses—Express Company.**

 Under Act March 21, 1871, amending the city charter of Louisville, permitting it to impose a license on express companies for doing business in the city, the payment of $1,000 state license fee as provided by Act March 1870, does not exempt the express company from complying with the city ordinance imposing a license tax.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 11, 1873.

OPINION BY JUDGE PRYOR:

In March, 1860, by legislative enactment, all foreign express companies were required to obtain a license from the state. In Feb., 1864, it was enacted that all express companies, including home as well as foreign companies, should pay a tax of 6 per cent. on the net profits of their business, and no other tax to be collected. The act of 1864 was amended in March, 1870, and foreign companies were required to obtain a license from the auditor, and on receiving their license each year, were to pay a tax, the annual sum of $500 when their line was 100 miles in length or less, and $1000 annually when the distance exceeded 100 miles. It was further enacted that when this annual tax was paid and the license obtained, that no county, town, city, corporation or other local jurisdiction in this state "shall require any additional license or tax for the purpose of conducting the business in or through such town, county, city," etc. On March 21, 1871, the city charter of Louisville was amended, by which the general council is vested with the power "to fix and collect from express and transfer companies, a license for doing business in said city, any act, usage or law to the contrary notwithstanding." During the same session, the council of the city was given the authority "to levy and collect a special tax or license on express and insurance companies having an office or agency in said city, not exceeding $300 per annum, which shall be paid into the sinking fund and become a part thereof." Under the amendments of the charter the city council, in April, 1871, passed an ordinance requiring each express company doing business in the city to pay a tax of $200.

The appellant refused to pay this tax, and a warrant was issued against it and a fine of $25 imposed for failing to comply with the ordinance. The many enactments of the legislature have been referred to merely to show the various changes made by the legislature as to the mode of imposing taxation on such companies, and particularly as to the sum of money to be paid, showing clearly that the legislature was only exercising its sovereign power to tax, by increasing or lessening the sum to be paid, as might be deemed best for the interests of the state. No contract, express or implied, exists by reason of such taxation, and the sum to be imposed as tax is controlled entirely by legislative will. The special enactment made on the 21st of March, 1871, gave to the city council an undoubted right to demand a license tax, "any act, usage or law to the contrary notwithstanding," the legislature having in view, no doubt, the general law under which the appellant claims exemption at the time this special act was passed. The payment of the $1,000 in Jan., 1872, affords no excuse for a failure to comply with the city ordinance requiring the payment of this license tax, approved April 18, 1871. If the ordinance had been enacted in 1872, after the payment of the tax to the auditor, by virtue of which appellant had the right to transact business for that year, then the argument of council might apply, for the effect of additional taxation imposed after the right had been obtained and the money paid, might destroy the right altogether, and this court would hardly adjudge that such could have been the intention of the legislature. In this case the license or tax of two hundred dollars had been imposed in 1871, long before the appellant paid its money, and when it is perceived to have known that this ordinance was in existence.

Judgment affirmed.

*Caldwell, Sachs, for appellant.*

*Burdett, for appellee.*